HARRIS, J.,
delivered the opinion of the Court.
Bigham, the plaintiff in error, commenced a suit by motion against Brewer, as sheriff, and his securities, before a justice of the peace for Benton county, for money alleged to have been collected by John W. Utley, as his deputy, which he had failed to pay over. The justice gave judgment for the defendant, and the plaintiff removed the cause into the Circuit Court by a writ of certiorari, where the defendant appeared, and there was a trial de novo, in which the plaintiff recovered a judgment, which was paid off and satisfied by the defendant. The defendant afterwards brought suit against the securities of Utley, on which trial it appeared from the evidence that Bigham’s money had not in fact been collected by Utley while he was the deputy of Brewer.
At a subsequent term of the Circuit Court, the defendant Brewer exhibited his petition for a writ of error coram nohis. This writ was granted by the Court, of which Bigham was served with notice; and he appeared by his counsel, and moved the Court to dismiss the petition and writ of error coram nobis. Upon this motion the Court took no action. Brewer made an assignment of errors, in the nature of a declaration, in which he alleged that the money for which he had been held liable on the’former trial was not collected by Utley while he was the deputy of Brewer. To this assignment of errors, Bigham, the defendant in that proceeding, failed to plead or demur, and judgment was taken against him by default. This judgment, as rendered, is, that the former judgment be reversed, annulled, and for nothing held, and that the plaintiff recover of the defendant the amount he had paid *435 on the former judgment. To reverse this judgment, Big-ham, the plaintiff in the original proceeding, has appealed in error to this Court.
If a judgment be erroneous in matter of fact and not in matter of law, it may he reversed in the same Court by writ of error coram nobis; but the error in fact which will render a judgment erroneous, must be such as would have prevented the rendition of such judgment if the fact had appeared on the former trial. And the party seeking to avail himself of this remedy must show that it was owing to no negligence on his part that the fact was not made to appear on the former trial; for if, by the exercise of all reasonable care and diligence, he could have availed himself of the fact on the former trial, then this remedy should be denied him.
The cases of Wynn vs. The Governor, 1 Yerg., R., 150, Goodwin vs. Saunders, 9 Yerg., R., 92, and Merrett vs. Parks, 6 Humph., R., 332, were all cases of judgments on motion and without notice; in each of which it was held that a writ of error coram nobis was the proper remedy to enable the party to present the facts upon which these judgments were reversed by the same Courts which rendered them. And it was upon the same principle the Court entertained this writ in the case of Crawford vs. Williams, 1 Swan’s R., 340.
In that case, without any negligence on the part of Williams, but through a misunderstanding, judgment was taken against him by default in the former suit, and he had no opportunity of presenting the facts, which, if heard, would have prevented the recovery, to reverse which this writ was the proper remedy.
But such is not this case. Here, Ithe defendant ap *436 peared and made defence both before the justice and in the Circuit Court in the former suit; and the fact that the money for which he was sought to be made liable was collected by Utley as his deputy, was directly in controversy, and was found against him. Certainly it can furnish no legal ground for this writ now, that he has since discovered testimony which might or might not have defeated the recovery if it had been heard on the former trial. The judgment of the Circuit Court in the former suit recites that “from the evidence adduced to the Court, it appeared that John W. Utley, as deputy sheriff of the defendant Brewer, collected by virtue of his office the money,” etc. This evidence might on that trial have been of service to the defendant, and it was his duty to have then produced it; and there is nothing to show that, by proper diligence, he could not have done so.
It is, therefore, too late by this remedy to avail himself of it now. If such a practice were tolerated, it would lead to almost interminable litigation. After a judgment had been regularly rendered and paid off, as in this case, the defendant might discover or fabricate evidence that would have been material on the trial; and he would only have to obtain his writ of error coram nobis, assign errors in fact, and proceed to try the whole matter over again. Such a practice would render the validity of the judgments of the Courts too uncertain to comport with sound policy, safety, or public convenience, and cannot be sustained upon authority.
We think, therefore, that the Circuit Court erred in not dismissing the petition and writ on the plaintiff’s motion. But even if this had been a proper case for this remedy, and had been successfully prosecuted, then the *437 Circuit Court in this proceeding could only have reversed the former judgment, and could not legally render judgment against the plaintiff in the former suit for the money which the defendant in that suit had paid in satisfaction of the judgment.
The judgment of the Circuit Court will he reversed, and the writ of error coram nobis will he dismissed.